**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4632**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAMES DALE MCROBIE,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00474-HEH-1)

Submitted: December 12, 2008    Decided: January 14, 2009

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Alice V. Sheridan, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, David T. Maguire, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Dale McRobie pled guilty to possession of a firearm by a person committed to a mental institution in violation of 18 U.S.C. § 922(g)(4) (2006). He was sentenced to sixteen months of imprisonment and three years supervised release. One of his special conditions of supervision was to "stay away from any official event, political event, or campaign event attended by the President of the United States or any candidate for the Presidency of the United States." (JA 52). On appeal, McRobie raises three issues: (1) whether the district court erred by imposing a sentence greater than necessary because the imprisonment portion of the sentence amounts to an involuntary civil commitment; (2) whether the district court erred by imposing the special condition of supervised release; and (3) whether his conviction was unconstitutional in light of Dist. of Columbia v. Heller, 128 S. Ct. 2783 (2008). For the reasons that follow, we affirm.

First, McRobie provides no authority for his argument that his sixteen-month sentence could be considered an involuntary civil commitment. More generally, we find no abuse of discretion in McRobie's sentence, which was within his properly-calculated advisory Sentencing Guidelines range of ten to sixteen months. Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir.

2

2007).  A sentence imposed within the advisory range is presumptively reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

As McRobie concedes on appeal, this court reviews his second issue for plain error, as he failed to object to the special condition below.  United States v. Olano, 507 U.S. 725, 732 (1993) (providing standard).  McRobie has failed to show that the district court's "stay away" order was plainly erroneous.  Id.

McRobie's final claim of error founders on the very case upon which it relies.  While the Heller opinion recognized a Second Amendment right for citizens to bear arms, it specifically cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill."  Heller, 128 S. Ct. at 2816-17.

Accordingly, we affirm McRobie's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3